IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO HOME MORTGAGE, INC., formerly known as Norwest Mortgage, Inc., | :<br>:<br>: |
| Petitioner, | :<br>: |
| v. | :   CIVIL ACTION NO.<br>:   1:05-CV-1569-JOF |
| DAVID S. STEVENSON, et al., | :<br>:<br>: |
| Respondents. | : |

## OPINION AND ORDER

This matter is before the court on Respondent United States of America's motion for summary judgment [7-1].

Petitioner, Wells Fargo Home Mortgage, Inc., filed an interpleader action against Respondents, David S. Stevenson, Patricia N. Stevenson, United States of America, Georgia Department of Revenue, and Discover Bank, in the Superior Court of DeKalb County. Respondent United States removed the suit to this court on June 14, 2005, and answered the complaint on August 2, 2005. At the time Wells Fargo filed suit, it requested permission to place funds in the registry of the state court. Although it is not clear to this court, it appears that due to the removal of the complaint, those funds were never deposited in the registry of the state court. Respondent United States is the only respondent to file an appearance and

make a claim to the interpleaded funds. *See* Motion for Summary Judgment, Exhibit E (attaching proof of service as to Georgia Department of Revenue, Discover Bank, David Stevenson, and Patricia Stevenson).

The court draws the following statement of facts from Respondent United States' unopposed motion for summary judgment. The interpleader action arises out of the foreclosure sale conducted by Wells Fargo Home Mortgage, Inc., on property located at 4090 Wembley Forest Way, Doraville, Georgia, 30340. The foreclosure sale yielded surplus funds of $35,829.58. The foreclosure sale was conducted because David S. Stevenson has defaulted on a mortgage loan later assigned to Wells Fargo. David and Patricia Stevenson jointly owe the United States $169,315.75 in outstanding back taxes, penalties, and interest.

Prior to the foreclosure, the United States had filed three federal tax liens on the property against the Stevensons. It appears from the face of the interpleader action that the Georgia Department of Revenue also filed tax liens on the property while Discover Bank obtained a writ of fieri facias against Patricia Stevenson. Respondent United States contends that it has priority over the liens of the other respondents under the "first-in-time, first-in-right" principle, because its liens were filed on December 1, 1995, July 24, 1997, and September 29, 1997, prior to the time the other liens were filed. No other respondent has responded to United States' motion for summary judgment as to the priority of the liens, and therefore the court deems it unopposed.

AO 72A
(Rev.8/82)

In its interpleader complaint, Wells Fargo also requests its attorney's fees and costs to be paid out of the interpleaded funds. The United States of America opposes this request. In *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626 (11th Cir. 1984), the Eleventh Circuit held that an interpleader petitioner was not entitled to attorney's fees out of the interpleaded fund when the fund is subject to a federal tax lien. *Id.* at 627. Wells Fargo has not responded to Respondent United States' motion for summary judgment on this point, and therefore the court finds it unopposed.

For the foregoing reasons, the court GRANTS Respondent United States of America's motion for summary judgment [7-1]. Petitioner, Wells Fargo Home Mortgage, Inc., is DIRECTED to pay to Respondent United States of America the total sum of $35,829.58 of the interpleaded funds. The Clerk of the Court is DIRECTED to DISMISS Petitioner's complaint.

**IT IS SO ORDERED** this 9th day of June 2006.

                                                s/ J. Owen Forrester
                                               J. OWEN FORRESTER
                     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)